**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

**AXCESS INTERNATIONAL, INC.,**

Plaintiff**,**

**v.**

**AMAG TECHNOLOGY, INC.,**

Defendant.

**CIVIL ACTION NO. 2:16-cv-1360**

**JURY TRIAL DEMANDED**

## ORIGINAL COMPLAINT

This is an action for patent infringement in which Axcess International, Inc. ("Plaintiff")

make the following allegations against AMAG Technology, Inc. ("Defendant"):

## PARTIES

1.      Plaintiff is a corporation formed under the laws of the State of Delaware with a

principle place of business located at 2108 Dallas Parkway, Ste. 214, #568, Plano, TX 75093.

2.      Defendant is a corporation organized and existing under the laws of the State of

Delaware with a principal place of business located at 20701 Manhattan Pl., Torrance, CA 90501.

Defendant can be served via its registered agent for service of process: Corporation Service

Company, 2711 Centerville Rd., Ste. 400, Wilmington, DE 19808.

## JURISDICTION AND VENUE

3.      This is an action for infringement of a United States patent arising under 35 U.S.C.

§§ 271(a), 281, and 284 - 85. This Court has subject matter jurisdiction over this action under 28

U.S.C. §1331 and §1338(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Upon

information and belief, Defendant has transacted business in this district, and has committed acts

of patent infringement in this district.

5.      Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

<u>**COUNT I**</u>
<u>**INFRINGEMENT OF U.S. PATENT NO. 7,286,158**</u>

6.      On October 23, 2007, United States Patent No. 7,286,158 (the "'158 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Method and System for Providing Integrated Remote Monitoring Services." A true and correct copy of the '158 patent is attached hereto as Exhibit A.

7.      Plaintiff is the owner by assignment of the '158 Patent, with all rights in and to that patent.

8.      Allan R. Griebenow is the inventor of the '158 patent.

9.      Defendant directly or through intermediaries, makes, uses, imports, sells, and/or offers for sale products and/or systems (*i.e.*, the Symmetry Access Control (the "Accused Instrumentality")) that infringe claims 14, 15, 16, 17, and 18 of the '158 patent.

10.      Upon information and belief, Defendant has been and is now infringing claims 14, 15, 16, 17, and 18 of the '158 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, selling and/or offering for sale an access control system that implements a radio frequency identification tag access system with video recording, *i.e.*, the Accused Instrumentality, covered by one or more claims of the '158 Patent to the injury of Plaintiff.  Defendant is directly

infringing, literally infringing, and/or infringing the '158 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '158 Patent pursuant to 35 U.S.C. § 271(a).

11.     The Accused Instrumentality infringes claim 14 of the '158 Patent and performs a method of providing identity verification for access to a secure area, comprising, eliciting a radio response from a radio frequency identification (RFID) tag at an access door of a secure area, *i.e.*, the Accused Instrumentality elicits a response from an RFID tag at an access door; determining whether access by a wearer of the RFID tag to the secure area is authorized based on the radio response, *i.e.*, access is granted to wearers only if the response from the RFID tag is authorized; recording a video image of the wearer of the RFID tag at the access door, *i.e.*, the Accused Instrumentality records a video image at the time off the access attempt; and controlling access to the door to provide access to the secure area by the wearer only if access by the wearer is authorized, *i.e.*, the door is kept locked or unlocked depending on whether the wearer is authorized. *See* Exhibit B, Figs. 1-5.

12.     The Accused Instrumentality infringes claim 15 and further comprises recording the video image in response to authorized access, *e.g.*, video images are recorded when a user triggers an event by scanning their RFID tag.  *See* Ex. B., Fig. 5.

13.     The Accused Instrumentality infringes claim 16 and further comprises recording the video image in response to an attempt at unauthorized access, *e.g.*, users can view video from the moment the event was triggered.  *See* Ex. B, Fig. 5.

14.     The Accused Instrumentality infringes claim 17 and further comprises recording the video image in response to the radio response from the RFID tag, *e.g.*, video images are recorded when a radio response signal is received from the user's RFID tag.  *See* Ex. B., Fig. 3.

15.     The Accused Instrumentality infringes claim 18 and further comprises recording a series of video images of the wearer of the RFID tag at the access door, *e.g.*, video images of the tag user are recorded when a user triggers an event by scanning their RFID tag.  *See* Ex. B, Fig. 5.

16.     As a result of Defendant's infringement of the '158 Patent, Plaintiff has suffered monetary damages is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

17.     Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '158 Patent, Plaintiff will be greatly and irreparably harmed.

### JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable by right.

### PRAYER FOR RELIEF

Plaintiff requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

a.     Judgment that one or more claims of the '158 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b.     A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing infringement of, or contributing to infringement of the '158 patent;

c.      Judgment that Defendant account for and pay to Plaintiff all damages and costs incurred by Plaintiff, caused by Defendant's infringing activities and other conduct complained of herein;

d.      That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e.      That this Court declare this an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

f.      That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED December 5, 2016.                    Respectfully submitted,

By: */s/ Hao Ni*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com
Krystal L. McCool
Texas Bar No. 24082185
kmccool@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF
AXCESS INTERNATIONAL, INC.**